the facts alleged herein and grant unto petitioner such relief as may be proper and adequate in the permises.

"Fourth: Petitioner prays that process issue in terms of the law, requiring said defendants and each of them to be and appear at the next term of this court to answer petitioner's complaint.

"Fifth: That petitioner be granted such other and further relief in the premises as the nature of his cause may require and which to equity may seem meet and proper."

. *Roy Lewis,* for plaintiff.

*J. A. Watson Jr.,* and *Alston, Alston, Foster & Moise,* for defendants.

---

BENNETT, superintendent of banks, *v.* COLLINS *et al.*

1. This case coming on for a hearing before a full bench of six Justices, who are evenly divided in opinion, Russell, C. J., and Hill and Gilbert, JJ., being in favor of affirming the judgment of the court below, holding that section 20 of article 7 of the act of the General Assembly of this State, of August 16, 1919 (Georgia Laws, 1919, p. 135), creating the department of banking, is unconstitutional on the ground that stockholders are denied due process of law under the provisions of that section, and Beck, P. J., and Atkinson and Hines, JJ., favoring a reversal, the judgment of the court below stands affirmed by operation of law.

2. The judgment of the court below holding that section 20 of article 7 of the act in question is unconstitutional being affirmed by operation of law, it follows that the injunction was properly granted; and it is unnecessary to discuss the other questions in the record.

*Judgment affirmed by operation of law.*

No. 3815.　FEBRUARY 14, 1924.

Injunction. Before Judge Bell. Fulton superior court. April 28, 1923.

*George M. Napier, attorney-general, Seward M. Smith, assistant attorney-general,* and *Hitch, Denmark & Lovett,* for plaintiff in error.

*H. W. Johnson,* contra.

---